**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **CHRISTOPHER P. DALY,**<br>**Plaintiff,**<br>**v.**<br>**TRANSUNION LLC,**<br>**Defendant.** | **CIVIL ACTION**<br>**NO. 4:26-cv-40128-MRG** |

**ORDER ON MOTIONS TO APPOINT COUNSEL**

**GUZMAN, D.J.**

*Pro se* plaintiff Christoper P. Daly initiated this action by filing a complaint under Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, and a motion for leave to proceed *in forma pauperis*. Plaintiff has now requested that this Court appoint counsel in this case. [ECF No. 16]. After careful consideration of the Plaintiff's request and the applicable legal standard, the Court hereby **DENIES** Plaintiff's motion.

It is certainly true that this Court "*may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added). However, it is also well-settled that "[t]here is no absolute constitutional right to a free lawyer in a civil case." DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991) (citations omitted). In this Circuit, a district court's denial of a plaintiff's motion to appoint counsel is erroneous only if the plaintiff can demonstrate that (1) they were indigent, and that (2) exceptional circumstances were present, "such that a denial of counsel was likely to result in fundamental unfairness impinging on [their] due process rights." Id. (citation omitted). When determining whether such

exceptional circumstances are present, this Court must examine "the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself." Id. at 24 (citations omitted).

As to the first prong of the analysis, Plaintiff does appear to be indigent. Indeed, this Court granted his motion to proceed *in forma pauperis*. [ECF No. 8]. Since the Plaintiff has shown indigency, the Court turns next to the question of whether he has established that exceptional circumstances exist that warrant the appointment of counsel. See DesRosiers, 949 F.2d at 24.

Here, Plaintiff has not shown that such circumstances exist. Plaintiff does not claim that he lacks understanding of the FCRA, and indeed, a review of the entire record shows that he has in fact filed an intelligible complaint [ECF No. 1]; evincing at least some degree of familiarity with how to marshal the law and facts to advance his case. Further, this is just one of *twelve* federal suits in this Court that Plaintiff has filed recently.[1] Moreover, the Court notes that the Plaintiff filed motions for extensions of time and notices, despite not having even been ordered to do so; showing his ability to navigate the litigation. Although Plaintiff claims he has medical conditions that limit his ability to represent himself, his conduct in his multitude of federal lawsuits undermines this assertion.

Additionally, the legal claims that he has alleged are not so complex as to warrant the appointment of counsel. Plaintiff's main argument is that discovery will be complex, but there is a single plaintiff and single defendant in this matter and all documents appear to be produceable digitally. Indeed, as another session of this Court has noted, many *pro se* litigants

[1] See Case Nos.: 4:25-40177-MRG; 4:26-40014-MRG; 4:26-40069-MRG; 4:26-40088-MRG; 4:26-cv-40089-DHH; 4:26-40090-MRG; 4:26-40091-MRG; 4:26-40092-MRG; 4:26-40101-MRG; 4:26-40118-DHH; 4:26-40128-MRG; 4:26-40147-MRG.

face similar challenges in prosecuting their cases; meaning that such challenges are ordinary and are therefore necessarily not extraordinary. See e.g., Hoag v. Hall, 128 F.Supp.3d 412, 414 (D. Mass. 2015) (then-U.S. Magistrate Judge Hillman denying a motion to appoint counsel and explaining that a plaintiff who asserted he was "unable to find counsel to represent him, [was] unskilled in the law, and believe[d] that the Defendants [were] not being truthful or forthcoming regarding his case" did not present "unique" challenges). Accordingly, since the Plaintiff has not demonstrated that extraordinary circumstances exist to warrant the appointment of counsel, his motion [ECF No. 16] is **DENIED**.

**SO ORDERED.**

Dated: November 19, 2026

/s/ Margaret R. Guzman
Margaret R. Guzman
United States District Judge